# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

PAWEL M. KOZLOWSKI,       )
                               )
       **Plaintiff,**          )
                               )
**vs.**                             )     **CAUSE NO.**  3:21-CV-561-BJB
                               )
**UNIVERSITY OF LOUISVILLE,**  )
                               )
       **Defendant.**        )
                               )

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.     Plaintiff, Pawel M. Kozlowski ("Plaintiff" or "Kozlowski"), by counsel, brings this action against Defendant, University of Louisville, ("Defendant" or "UofL") alleging violations of Title VII of the Civil Rights Act ("Title VII") and the Kentucky Civil Rights Act ("KCRA").

### II. PARTIES

2.     Kozlowski is a resident of Jefferson County, Kentucky which is within the geographical boundaries of the Western District of Kentucky.

3.     Defendant is a public university located in Jefferson County, Kentucky which is within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4.     Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C. §2000e-5(f)(3).

5.     Defendant is an "employer" as that term is defined by KRS 344.030(2) and 42 U.S.C. §2000e(b).

6.     Kozlowski is an "employee" as that term is defined by KRS 344.030(5), and 42 U.S.C. §2000e(f).

7.     Kozlowski's state law claims arise from the same common nucleus of operative facts as his federal law claims and all his claims form a single case and controversy under Article III of the United States Constitution.

8.     A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

9.     Kozlowski satisfied his obligation to exhaust his administrative remedies.  The Right to Sue was issued by the EEOC on August 3, 2021, and Plaintiff brings this original action within ninety (90) days of the receipt thereof.

10.    Defendant employs more than five hundred (500) employees.

## IV. FACTUAL ALLEGATIONS

11.    Kozlowski, a Chemistry Professor, began working for Defendant in or around 1999. Kozlowski is the only Polish full professor with tenure in Defendant's Chemistry Department, where the vast majority of employees are of American national origin.

12.     At all times relevant to this matter, Kozlowski met and/or exceeded Defendant's legitimate performance expectations. Kozlowski received numerous international and national awards and fellowships for his work as a Professor of Chemistry.

13.     Throughout the duration of Kozlowski's employment as a full professor, he was paid approximately $30,000.00 less in salary than his American comparators, despite having greater seniority, qualifications, and accomplishments than most.

14.     On or around August 1, 2020, Kozlowski became the active interim Department Chair for the Chemistry Department.

15.     Following his appointment as interim Department Chair, he received an overwhelming majority vote to be appointed as the permanent Department Chair from the chemistry faculty. Kozlowski was then recommended by interim Dean, David Owen, to become the permanent Department Chair.

16.     Kozlowski was Defendant's first Chemistry Department Chair of foreign national origin.

17.     The Dean offered Kozlowski a salary that was approximately $30,000.00 less than any previous Department Chair's salary in the past twenty (20) years. The Dean also only offered the position to Kozlowski for a one (1) year period. All previous Department Chairs were compensated significantly higher than Kozlowski and were appointed for a three (3) year period at minimum.

-3-

18.    Kozlowski raised his concerns regarding his salary and appointment period to both Dean Owen and Defendant's Human Resources (HR) Department on numerous occasions. HR refused to assist Kozlowski and rather, told him to address the salary and appointment issue with his Dean. Kozlowski followed HR's advice and addressed these issues with Dean Owen.

19.    Dean Owen responded by stating fallaciously, "If I raise your salary, then I have to raise the salary of others." However, Kozlowski was merely asking to be compensated the same as his comparators, not greater than.

20.    Dean Owen and Defendant intentionally chose to compensate Kozlowski at a significantly lesser rate than his American comparators.

21.    Prior to appointing Kozlowski as Chair, Dean Owen contacted at least two (2) other professors for the Chair appointment and offered them significantly higher salaries, three (3) year appointments, as well as additional research support.

22.    Associate Dean Susan Ryan appointed a mentor to oversee Kozlowski's performance as the Chair. The assignment of a mentor to oversee the activities of the department Chair is wholly unprecedented.

23.    After filing his initial EEOC Charge of Discrimination on February 12, 2021, Defendant escalated its conduct. On or around May 13, 2021, Defendant terminated Kozlowski's appointment as Chair.

-4-

24.     Defendant's stated reason for terminating the appointment was insubordination. However, Kozlowski was asked to perform tasks and make department policy changes that were far beyond his authority as the Department Chair. Kozlowski was also issued an unreasonable deadline by the Dean to perform certain tasks.

25.     Following Kozlowski's dismissal as Chair, the Dean appointed a successor who was not of Polish national origin, received substantially higher salary, significantly higher research support, and a longer term.

26.     Defendant's stated reason for disparate treatment and terminating Kozlowski's appointment as Chair is pretext for Nation Origin Discrimination and Retaliation.

## V.  CAUSES OF ACTION

### COUNT I – TITLE VII AND KCRA – NATIONAL ORIGIN DISCRIMINATION

27.     Kozlowski hereby incorporates paragraphs one (1) through twenty-six (26) of his Complaint.

28.     Defendant discriminated against Plaintiff based on his national origin.

29.     Defendant's actions were intentional, willful, and taken in reckless disregard of Plaintiff's legal rights.

30.     Defendant's unlawful actions violated Plaintiff's rights as protected by Title VII and the KCRA.

31.     Plaintiff suffered damages as a result of Defendant's unlawful actions.

## COUNT II – TITLE VII AND KCRA – RETALIATION

32.    Kozlowski hereby incorporates paragraphs one (1) through thirty-one (31) of his Complaint.

33.    Kozlowski engaged in activity protected by Title VII.

34.    Kozlowski's exercise of protected rights was known by Defendant.

35.    Defendant took an adverse employment action against Kozlowski by terminating his appointment as Chair.

36.    Defendant retaliated against Kozlowski.

37.    Defendant's actions were intentional, willful, and taken in reckless disregard of Plaintiff's legal rights.

38.    Defendant's unlawful actions violated Plaintiff's rights as protected by Title VII.

39.    Plaintiff suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Pawel M. Kozlowski, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1.    All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

2.    Enjoin Defendant from discriminating or retaliating against anyone else based on their national origin;

3.    Reinstate Plaintiff to his previous position, with the same seniority, benefits, and duties he is entitled to, or award front pay in lieu thereof;

4.      Award compensation for any and all other damages suffered as a consequence of

Defendants' unlawful actions;

5.      Award compensatory damages under the KCRA and Title VII;

6.      Award punitive damages under Title VII;

7.      Award all costs and attorney's fees incurred as a result of bringing this action;

8.      Award pre- and post-judgment interest on all sums recoverable; and

9.      All other legal and/or equitable relief this Court sees fit to grant.


                        Respectfully submitted,

                        BIESECKER DUTKANYCH & MACER, LLC
                        By:  /s/ *Devan A. Dannelly*
                        Devan A. Dannelly
                        101 North 7th Street, Ste. 603
                        Louisville, KY 40202
                        Telephone:  (502) 561-3484
                        Facsimile:   (812) 424-1005
                        Email: ddannelly@bdlegal.com
                        *Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Pawel M. Kozlowski, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By:  /s/ *Devan A. Dannelly*
Devan A. Dannelly
101 North 7th Street, Ste. 603
Louisville, KY 40202
Telephone:  (502) 561-3484
Facsimile:   (812) 424-1005
Email: ddannelly@bdlegal.com
*Attorney for Plaintiff*