UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PAWEL M. KOZLOWSKI                                                              Plaintiffs

v.                                                         Civil Action No. 3:21cv-00561-DJH

UNIVERSITY OF LOUISVILLE                                        Defendant

\* \* \* \* \*

### ORDER

Pursuant to the Memorandum of Conference and Order at DN 91 referring this case to the Magistrate Judge for a settlement conference,

**IT IS HEREBY ORDERED** as follows:

No later than the close of business on **January 21, 2025**, Plaintiff and Defendant shall deliver under seal, directly to the Magistrate Judge, *ex parte* separate settlement conference statements which shall specify their respective settlement positions. Each statement is to be furnished only to the Court and not the other side. **The statements shall not be filed with the Clerk of the Court but shall be furnished by mailing same to Kelly Lovell, the case manager for the Magistrate Judge, at the United States Courthouse, 241 E. Main Street, Bowling Green, Kentucky 42101; via facsimile at 270-393-2519; or via e-mail, in .pdf format, to kelly_lovell@kywd.uscourts.gov and bbrennenstuhl@kywd.uscourts.gov.**

The settlement conference statement shall contain the following:

1. A *candid* assessment of the strengths and weaknesses of each party's case on the issues of liability and damages. Where non-liquidated damages are involved, a *realistic* assessment of the value of that portion of the claim. Nothing in the way of a jury speech shall be included.

2. Plaintiff will provide an itemization of all special damages which Plaintiff will claim at trial, and any liens which must be satisfied from a recovery.

<u>Plaintiff will provide the Defendant with this information at the same time Plaintiff submits the settlement conference statement.</u>

3. An assessment of the economic cost of proceeding to trial.

4. If attorney fees are authorized by contract or statute, an assessment of the party's total attorney fees as of the time of mediation and projected through trial.

5. A statement of the last settlement demand and offer exchanged between the parties.

The settlement conference is hereby scheduled to be conducted **on January 28, 2025, commencing at 10:00 a.m., EST.** The settlement conference shall be conducted at the United States Courthouse, Louisville, Kentucky. In addition to counsel who will try the case, the parties and a person with full settlement authority for the parties must be present for the conference. If a party is a government entity, it shall appear by the presence of a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body or officer of the entity. **A PERSON WITHOUT AUTONOMOUS SETTLEMENT AUTHORITY DOES NOT MEET THIS REQUIREMENT.**[1] "Autonomous settlement authority" means the person in attendance is the decision maker, who has the authority to change the party's position without seeking further authorization. If your representative must "make a call," then you are bringing the wrong person. The fact that the parties engage in the settlement

---

[1] *See e.g.* Shields v. Golden Corral Corp., 3:15-CV-371-DJH-CHL, 2017 U.S. Dist. LEXIS 112455 (W.D. Ky. June 12, 2017) (Imposing sanctions for appearing at settlement conference with third-party claims administrator with predetermined cap on authority rather than actual corporate representative); Lethiot v. JB Hunt Shipping, No. 3:14-CV-488-CRS, 2017 U.S. Dist. LEXIS 110989 (W.D. Ky. July 18, 2017) (Imposing sanctions for defendant's delegation of limited settlement authority to counsel rather than appearing in person); Holly v. UPS Supply Chain Solutions, Inc., 3:13-CV-980-DJH-CHL, 2015 U.S. Dist. LEXIS 189479 (W.D. Ky. March 27, 2015) (Imposing sanctions for appearing at settlement conference with representative who had to "call the home office" to obtain variance from a predetermined cap on authority in violation of settlement conference order.).

3

conference, any offers which may have been exchanged or any information or opinions disclosed by the Magistrate Judge during the settlement conference are confidential and may not be disclosed to anyone.

    ENTERED this December 10, 2024

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to:    Counsel
               Natalie Thompson, Case Manager